UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CYNTHIA DENISE JACOBS,

       Plaintiff,
vs.

STELLAR RECOVERY, INC.,

       Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW**, the Plaintiff, CYNTHIA DENISE JACOBS, by and through undersigned counsel, and brings this action against the Defendant, STELLAR RECOVERY, INC. ("STELLAR"), and as grounds thereof would allege as follows:

## INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FDCPA, FCCPA and the TCPA.

3. The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

FD-2165

4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA and FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Defendant does business and places phone calls into this District and Plaintiff owns property in the District.

## PARTIES

8. At all times relevant to this Complaint, Defendant, STELLAR was and is a corporation, formed under the laws of the State of Florida and has its principal place of business in Jacksonville, Florida.

9. At all times relevant to this Complaint, STELLAR was and is a "person" as said term is defined under Florida Statute §1.01(3).

10. At all times relevant to this Complaint, STELLAR regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11. At all times relevant to this Complaint, STELLAR regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12. At all times relevant to this Complaint, STELLAR was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13. At all times relevant to this Complaint, STELLAR regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

14. At all times relevant to this Complaint, STELLAR has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA that originated, routed, and/or terminated telecommunications. 47 U.S.C. § 153(14).

15. At all times relevant to this Complaint, STELLAR engages in "telecommunications" as defined by the TCPA. 47 U.S.C. § 153(43).

16. At all times relevant to this Complaint, STELLAR engages in "interstate communications" as defined by the TCPA. 47 U.S.C. § 153(22).

17. At all times relevant to this Complaint, STELLAR has used, controlled, and/or operated "wire communications" as defined by the TCPA, that existed as instrumentalities of interstate and intrastate commerce. 47 U.S.C. § 153(52).

18. At all times relevant to this Complaint, STELLAR has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

*FD-2165*

19. At all times relevant to this Complaint, the Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA, FCCPA and the TCPA by virtue of being directly affected by violations of the Act.

20. At all times relevant to this Complaint, the Plaintiff, was and is a natural person "person" as defined by 47 U.S.C. § 153(32).

21. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

22. Defendant began calling Plaintiff regularly, day after day, in an attempt to collect a debt.

23. After weeks of incessant calling, on or about the end of December 2013, Plaintiff answered one of the calls and after a short recording, was transferred to a representative of Defendant.

24. Plaintiff asked what the calls were in reference to and the representative stated that he was looking for an individual named Ira Tillman.

25. Plaintiff had never met or even heard of an Ira Tillman.

26. Plaintiff told Defendant's representative that Defendant had the wrong number and asked that Defendant cease calling her on her cellular telephone.

27. Despite knowing that they had the wrong number and did not have Plaintiff's consent, Defendant, by and through its through its agents, representatives and/or employees acting within the scope of their authority, continued to attempt to collect a debt from Plaintiff by

using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephones, 770-xxx-1907 and 770-xxx-8975.

28. This is apparent due the pre-recorded message that was played once Plaintiff answered the call from Defendant.

29. Most of these calls originated from 706-993-4939 and include but are not limited to calls placed on:

| | |
|---|---|
| 1/14/14 12:46 p.m. | 1/21/14 1:10 p.m. |
| 1/17/14  5:18 p.m | 1/22/14 6:37 p.m. |
| 1/20/14  3:31 p.m. | 1/23/14 2:15 p.m. |

30. On January 24, 2014 at 1:39 p.m., Defendant called Plaintiff on her cellular phone and left a pre-recorded voicemail which asked Plaintiff to return the call to 877-236-5791.

31. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

32. Plaintiff was damaged by these illegal calls. Her privacy was improperly invaded, minutes were used from her cell phone plans and she was forced to spend time tending to unwanted calls.

33. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

35. Plaintiff repeats, realleges and incorporates paragraphs 1 through 34.

36. Florida Statutes §559.72(7) states:

> "In collecting debts, no person shall…
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

37. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to her cellular telephone multiple times a day for a debt that wasn't even hers has annoyed Plaintiff and caused unnecessary upon Plaintiff and Plaintiff's family.

38. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

39. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

40. Plaintiff has hired Loan Lawyers, LLC, to represent Plaintiff in this action and has agreed to pay a reasonable attorney's fee.

41. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

FD-2165

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, STELLAR RECOVERY, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II-VIOLATION OF THE FDCPA, 15 USC 1692d(5)

42. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

43. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, has violated the FDCPA in that Defendant caused Plaintiff's telephone with such frequency as to harass Plaintiff in contravention of 15 U.S.C. 1692d, which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

44. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the debt. Plaintiff's having to handle debt collection calls to her cellular telephone multiple times a day for a debt that wasn't even hers has annoyed Plaintiff and caused unnecessary upon Plaintiff and Plaintiff's family.

45. Defendant's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff especially after Defendant was told that it had the wrong number.

46. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly and intentionally violated 15 U.S.C. 1692d(5).

*FD-2165*

47.     As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

48.     Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

49.     Pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recover actual damages together with additional statutory damages up to $1,000.00, together with court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant, STELLAR RECOVERY, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

### COUNT III- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

50.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 34.

51.     Defendant placed many non-emergency calls, including but limited to the calls referenced in paragraphs 29, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

52. The term "automatic telephone dialing system" according to 47 U.S.C. § 227(a)(1):

> "… means equipment which has the capacity –
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers."

53.     It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

*FD-2165*

54. Plaintiff did not expressly consent to STELLAR to contact her via cellular phone period.

55. For each of the above phone calls placed to Plaintiff's cellular telephone, Plaintiff has been charged by her telephone service provider.

56. The aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system.

57. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

58. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

59. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*FD-2165*

See *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

60. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

61. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii).

62. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C §227 (b)(1)(A)(iii).

63. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

64. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant STELLAR RECOVERY, INC. for statutory damages of $1,500.00 for each and every violation,

*FD-2165*

an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

## DEMAND FOR JURY TRIAL

Plaintiff, CYNTHIA DENISE JACOBS, hereby demands a trial by jury of all issues so triable.

## VERIFICATION

I, CYNTHIA DENISE JACOBS *Sui Juris*, having read the foregoing, hereby verify, under penalty of perjury, that the above statements of facts are true and correct.

*[signature]*
CYNTHIA DENISE JACOBS

Respectfully Submitted,

*[signature]*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
377 North State Road 7, Suite #202
Plantation, FL 33317
Telephone:   (954) 523-4357
Facsimile:   (954) 581-2786
e-mail:   chezky@floridaloanlawyers.com

FD-2165